UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

FILED

2015 APR -1 PM 12: 45

U.S. DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS

BY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO.:  SA15CR185(DAE) |
| | ) | |
| Plaintiff, | ) | **S U P E R S E D I N G** |
| | ) | **I N D I C T M E N T** |
| v. | ) | |
| | ) | [Vio.: 18 U.S.C. § 1343, Wire Fraud; |
| ARMANDO JESUS HERNANDEZ LEAL, | ) | 18 USC § 1956, Money Laundering] |
| | ) | |
| Defendant. | ) | |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

1.   Sunport Capital, L.L.C. (hereinafter referred to as "Sunport") is a registered investment advisory company located in San Antonio, Texas.   It is in the business of providing investment advice and developing investment strategies for its individual clients.

2.   Investment Professionals Inc. (also known as and hereinafter referred to as "IPI") is a full-service investment management and brokerage firm located in San Antonio, Texas, and doing business throughout the United States.   IPI is a registered Broker/Dealer as well as a registered investment advisor.   IPI offers both investment advice as well as financial products and services to its clients.

3.   Pershing, L.L.C. (hereinafter referred to as "Pershing") is a securities business and clearing firm that is headquartered in Jersey City, New Jersey, with associates scattered throughout the world.   Pershing provides global financial services targeted largely at investment advisors,

asset managers and broker/dealers.   It also serves as a clearing house for investments made by those individuals.

4.   M.S. is a citizen and resident of the Republic of Mexico.   M.S. possessed monetary assets which he wished to invest for the purpose of accruing financial gain for himself and his family.

5.   Asser Global, Inc. (hereinafter referred to as Asser Global), is a corporation established by M.S. in 2002 under the laws of Puerto Rico.

## SCHEME TO DEFRAUD

1.   In or about 2006, ARMANDO JESUS HERNANDEZ LEAL, who was then residing in San Antonio, Texas, approached M.S. with an investment opportunity.   ARMANDO JESUS HERNANDEZ LEAL suggested that M.S. could invest large sums of money in securities and other investment instruments held by Pershing and IPI.   ARMANDO JESUS HERNANDEZ LEAL stated that he could manage and provide investment advice for the investments through Sunport, which he represented that he owned a 15% ownership interest in.

2.   M.S. established an investment account with ARMANDO JESUS HERNANDEZ LEAL utilizing his company, Asser Global as the investment entity.

3.   On a monthly basis, ARMANDO JESUS HERNANDEZ LEAL would provide by e-mail portfolio statements to M.S. from an investment account that appeared to be in the name of Asser Global being managed by Pershing and IPI.

4.   Based on these monthly statements, M.S. would transfer additional funds to ARMANDO JESUS HERNANDEZ LEAL for the purpose of making additional investments as well as paying interest on margin debt on the current investments based on the amounts shown on the statements.

5.   ARMANDO JESUS HERNANDEZ LEAL directed M.S. to transfer funds by wire transfer into accounts registered to Capital in Movement, L.L.C. (hereinafter "Capital in Movement") controlled by ARMANDO JESUS HERNANDEZ LEAL for the purpose of making these investments and paying the interest on the margin debts.

6.   ARMANDO JESUS HERNANDEZ LEAL would subsequently take the money from these accounts and move it into other accounts which he controlled and then convert the funds to his own personal use.

7.   The monthly statements purportedly generated by IPI and Pershing were, in fact, generated by ARMANDO JESUS HERNANDEZ LEAL, or by persons working at his direction, and were wholly fictitious, containing false material representations of investments, returns and margin debt which ARMANDO JESUS HERNANDEZ LEAL knew to be false and which were intended to encourage M.S. and members of his family to provide additional sums of money to ARMANDO JESUS HERNANDEZ LEAL through the fraudulent investment scheme.

## MANNER AND MEANS

1.   On or about November 4, 2013, M. S. received an email from ARMANDO JESUS HERNANDEZ LEAL's gmail account containing an attached Account Statement for M. S.'s company, Asser Global, for the month of October 2013.   The Account Statement had an IPI letterhead and listed Sunport Capital as the office servicing the account and Pershing Securities Corp. as the clearance agent.   The Account Statement provided a listing of the asset allocation, portfolio holdings, and transactions for M. S.'s investment.   M. S.'s margin debt was listed as $65 million on the first page of the statement.   The margin debt had a 6% interest rate.   ARMANDO JESUS HERNANDEZ LEAL led M. S. to believe he owed monthly interest payments on this margin debt that had been extended to him by Pershing.

3

2.   On or about November 13, 2013, M. S. sent a wire transfer from his bank account in Mexico in the amount of $50,000 to a Frost Bank account owned by Capital in Movement.   On or about November 14, 2013, M. S. sent a wire transfer from his bank account in Mexico in the amount of $50,000 to the Capital in Movement, account.   These wire transfers represented a portion of the monthly interest payments on the margin debt M. S. believed had been extended to him by Pershing.   M. S. expected these interest payments to be made to Pershing.

3.   On or about December 5, 2013, M. S. received an email from ARMANDO JESUS HERNANDEZ LEAL's gmail account containing an attached Account Statement for M. S.'s company, Asser Global, for the month of November 2013.   The margin debt was listed as $65 million on the first page of the statement and M. S. believed he owed a monthly interest payment on this margin debt.

4.   On or about December 9, 2013, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, KEP Consulting,in the amount of $10,000 to the Capital in Movement bank account.   On or about December 16, 2013, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, Consoricio Prolabora SA DE CV, in the amount of $100,000 to the Capital in Movement account.   On or about December 27, 2013, M. S. sent a wire transfer from the bank account belonging to his company, Soluciones Simec SA DE CV, in the amount of $100,000 to the Capital in Movement account.   M. S. believed these were interest payments that would be paid to Pershing.

5.   On or about January 6, 2014, M. S. received an email from ARMANDO JESUS HERNANDEZ LEAL's gmail account containing an attached Account Statement for M. S.'s company, Asser Global,, for the month of December 2013.   The margin debt was listed as $65 million on the first page of the statement and M. S. believed he owed a monthly interest payment

on this margin debt.

6.   On or about January 16, 2014, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, Consoricio Prolaboro SA DE CV, in the amount of $70,000 to the Capital in Movement account.   On or about January 27, 2014, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, Consoricio Prolaboro SA DE CV, in the amount of $25,000 to the Capital in Movement account.   On or about January 29, 2014, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, Consoricio Prolabora SA DE CV, in the amount of $15,000 to the Capital in Movement.   M. S. believed these were interest payments that would be paid to Pershing.

7.   On or about February 7, 2014, M. S. received an email from ARMANDO JESUS HERNANDEZ LEAL's gmail account containing an attached Account Statement for M. S.'s company, Asser Global, for the month of January 2014.   The margin debt was listed as $65 million on the first page of the statement and M. S. believed he owed a monthly interest payment on this margin debt.

8.   On or about February 6, 2014, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, Consoricio Prolaboro SA DE CV, in the amount of $29,000 to the Capital in Movement account.   On or about February 7, 2014, M. S. sent a wire transfer from a Plains Capital Bank account belonging to M. S.'s company, GoNet Columbia SA DE CV, in the amount of $130,000 to the Capital in Movement account.   On or about February 24, 2014, M. S. sent a wire transfer from a Plains Capital Bank account belonging to M. S.'s company, GoNet SA DE CV, in the amount of $14,000 to the Capital in Movement account.   On or about February 24, 2014, M. S. sent a wire transfer from the bank account in Mexico belonging to his company, Consoricio Prolaboro SA DE CV, in the amount of $37,000 to the Capital in Movement account.

M. S. believed these were interest payments that would be paid to Pershing.

## COUNT ONE
[18 U.S.C. § 1343]

The information set out above is incorporated fully herein.

On or about November 4, 2013, in the Western District of Texas and elsewhere and within the jurisdiction of the Court,

### ARMANDO JESUS HERNANDEZ LEAL,

having devised the above described scheme or artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, did for the purpose of executing such scheme or artifice, cause to be transmitted by wire and radio communications, in interstate and foreign commerce, writings, signs, pictures, signals and sounds, specifically an e-mail to M.S. containing an attachment purporting to be an account statement for investments by Asser Global, Inc., for the month of October 2013, in violation of Title 18, United States Code, Sections 1343.

## COUNT TWO
[18 U.S.C. § 1343]

The information set out above is incorporated fully herein.

On or about December 5, 2013, in the Western District of Texas and elsewhere and within the jurisdiction of the Court,

### ARMANDO JESUS HERNANDEZ LEAL,

having devised the above described scheme or artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, did for the purpose of executing such scheme or artifice, cause to be transmitted by wire and radio communications, in interstate and foreign commerce, writings, signs, pictures, signals and sounds, specifically an

6

e-mail to M.S. containing an attachment purporting to be an account statement for investments by Asser Global, Inc., for the month of November 2013, in violation of Title 18, United States Code, Sections 1343.

## COUNT THREE
[18 U.S.C. § 1343]

The information set out above is incorporated fully herein.

On or about January 6, 2014, in the Western District of Texas and elsewhere and within the jurisdiction of the Court,

### ARMANDO JESUS HERNANDEZ LEAL,

having devised the above described scheme or artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, did for the purpose of executing such scheme or artifice, cause to be transmitted by wire and radio communications, in interstate and foreign commerce, writings, signs, pictures, signals and sounds, specifically an e-mail to M.S. containing an attachment purporting to be an account statement for investments by Asser Global, Inc., for the month of December 2013, in violation of Title 18, United States Code, Sections 1343.

## COUNT FOUR
[18 U.S.C. § 1343]

The information set out above is incorporated fully herein.

On or about February 7, 2014, in the Western District of Texas and elsewhere and within the jurisdiction of the Court,

### ARMANDO JESUS HERNANDEZ LEAL,

having devised the above described scheme or artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, did for the purpose of

7

executing such scheme or artifice, cause to be transmitted by wire and radio communications, in interstate and foreign commerce, writings, signs, pictures, signals and sounds, specifically an e-mail to M.S. containing an attachment purporting to be an account statement for investments by Asser Global, Inc., for the month of January 2014, in violation of Title 18, United States Code, Sections 1343.

## COUNT FIVE
[18 U.S.C. §§ 1956(A)(1)(B) and 2]

On or about November 15, 2013, in the Western District of Texas, Defendant,

### ARMANDO JESUS HERNANDEZ LEAL,

aided and abetted by others, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer of money from Frost Bank account No. 01-0541699, also known as the "Capital in Movement account", to Frost Bank account No. 22-1045032, also known as the "Corporate Values Management account", which involved property, that is $20,000 in United States currency, which was the proceeds of a specified unlawful activity, that is wire fraud, a violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct said financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B).

## COUNT SIX
[18 U.S.C. §§ 1956(A)(1)(B) and 2]

On or about November 25, 2013, in the Western District of Texas, Defendant,

### ARMANDO JESUS HERNANDEZ LEAL,

aided and abetted by others, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer of money from Frost Bank account No. 01-0541699, also known as the "Capital in Movement account", to Frost Bank account No. 01-0540706, also known as the "Regina Capital Investment LLC account", which involved property, that is $20,000 in United States currency, which was the proceeds of a specified unlawful activity, that is wire fraud, a violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct said financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B).

<u>**COUNT SEVEN**</u>
[18 U.S.C. §§ 1956(A)(1)(B) and 2]

On or about November 25, 2013, in the Western District of Texas, Defendant,

**ARMANDO JESUS HERNANDEZ LEAL,**

aided and abetted by others, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer of money from Frost Bank account No. 01-0541699, also known as the "Capital in Movement account", to Frost Bank account No. 22-1045032, also known as the "Corporate Values Management account", which involved property, that is $20,000 in United States currency, which was the proceeds of a specified unlawful activity, that is wire fraud, a violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity,

9

and that while conducting and attempting to conduct said financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B).

**COUNT EIGHT**
[18 U.S.C. §§ 1956(A)(1)(B) and 2]

On or about November 27, 2013, in the Western District of Texas, Defendant,

**ARMANDO JESUS HERNANDEZ LEAL,**

aided and abetted by others, did knowingly and intentionally conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer of money from Frost Bank account No. 01-0541699, also known as the "Capital in Movement account", to Frost Bank account No. 01-0540706, also known as the "Regina Capital Investment LLC account", which involved property, that is $37,000 in United States currency, which was the proceeds of a specified unlawful activity, that is wire fraud, a violation of Title 18, United States Code, Section 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct said financial transaction knew that the property involved represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B).

**NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE**
[*See* Fed.R.Crim.P.32.2]

**Wire Fraud Violations and Forfeiture Statutes**
**[Title 18 U.S.C. §§ 1343 and 1956; subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)( C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One through Eight, which are punishable by imprisonment for more than one year, the United States gives notice that it intends to forfeit certain property from the **DEFENDANT,** charged with said offenses,

10

pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

> **Title 18 U.S.C. § 981.**
>> **(a)(1)**   The following property is subject to forfeiture to the United States:
>>> * * *
>> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to  . . .  any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in section 1956(c)(7) of this title.

>    This Notice of Demand for Forfeiture includes, but is not limited to, the following:

## Money Judgment
A sum of money equal to $630,000.00, representing the amount of proceeds obtained directly or indirectly as a result of the violations set forth in Counts One through Four, for which the **DEFENDANT is** liable.

## Substitute Assets
If any of the properties described above, as a result of any act or omission of the **DEFENDANT:**
- a.    cannot be located upon the exercise of due diligence;
- b.    have been transferred or sold to, or deposited with, a third person;
- c.    have been placed beyond the jurisdiction of the Court;
- d.    have been substantially diminished in value; or
- e.    have been commingled with other property which cannot be subdivided without difficulty;

It is the intent of the United States of America to seek the forfeiture of any other property owned by the **DEFENDANT** up to the value of said Money Judgment as substitute assets, pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(p).

A TRUE BILL

Foreperson

RICHARD L. DURBIN, JR.
ACTING UNITED STATES ATTORNEY

By: _____
GREGORY J. SUROVIC
Assistant United States Attorney

11